_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
May 11, 2017

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) CASE NO.:  17-12099-ABL |
| | ) |
| HelioPower, Inc., | ) Chapter 11 |
| | ) |
| Debtor. | ) Interim Hearing Date: May 3, 2017 |
| _____ | ) Interim Hearing Time: 1:30 p.m. |

**INTERIM ORDER APPROVING DEBTOR'S MOTION FOR AN ORDER:**
**(I) AUTHORIZING SECURED POST-PETITION FINANCING AND USE OF CASH**
**COLLATERAL; (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY**
**ADMINISTRATIVE EXPENSE CLAIMS; (III) APPROVING LOAN DOCUMENTS**
**RELATING TO THE FOREGOING; (IV) GRANTING ADEQUATE PROTECTION; (V)**
**GRANTING RELIEF FROM THE AUTOMATIC STAY;**
**AND (VI) GRANTING OTHER RELATED RELIEF**

THIS CAUSE having come before the Court upon the Motion (the "**Motion**")[1] of

HelioPower, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"),

_____

[1]    Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 and Bankruptcy Rule 4001(b), (c) and (d) for an order: (I) authorizing secured post-petition financing; (II) granting liens and providing superpriority administrative expense claims; (III) approving loan documents related to the foregoing; (IV) granting relief from the automatic stay; and (V) granting other related relief; and

The Motion having been filed on April 26, 2017, at docket no. 10; and

It appearing that the notice of the Motion is sufficient and that no other or further notice need be provided; and

The United States Trustee for Region 17 (the "**United States Trustee**") having filed her Omnibus Objection to Debtor's First Day Motions [ECF Nos. 9, 10 & 11] on May 3, 2017 at docket no. 32 (the "**United States Trustee's Objection**"); and

The Court having conducted a hearing on the Motion and the United States Trustee's Objection on May 3, 2017 (the "**Hearing**"); and

Counsel for the Debtor, the United States Trustee, and the DIP Lender, as hereinafter defined, having addressed the Court at the hearing regarding the Motion and the United States Trustee's Objection; and

After due deliberation and sufficient cause appearing, it is hereby:

**ORDERED** that the Motion is granted on an interim basis; and it is further

**ORDERED** that the United States  Trustee's Objection is overruled without prejudice to the United States Trustee's right  to reassert such objection, and additional arguments if any, in connection with the Final Hearing, as hereinafter defined, as set forth below; and it is further

**ORDERED** that the Debtor is authorized on an interim basis to obtain post-petition debtor-in-possession financing from the lender, Sierra Nevada Solar, Inc. ("**SNS**" or the "**DIP Lender**"), up to a cumulative amount of $400,000.00, in accordance with the terms of the

Motion and the DIP Loan Documents attached to and referenced in the Motion (the "**Approved DIP Financing**"); and it is further

ORDERED that the Debtor is authorized on an interim basis to borrow in accordance with, and use the Approved DIP Financing to pay those expenses as set forth in, the Budget attached as <u>Exhibit B</u> to the Motion (the "**Budget**"), and it is further

ORDERED that the Debtor is authorized to execute the DIP Loan Documents and to obtain the Approved DIP Financing on an interim basis in accordance with the DIP Loan Documents; and it is further

ORDERED that upon the execution and delivery thereof, the DIP Loan Documents shall constitute valid and binding obligations of the Debtor and the DIP Lender, enforceable against the Debtor, the DIP Lender, any of the successors in interest to the Debtor or DIP Lender, and any Chapter 11 trustee or Chapter 7 trustee appointed in this case, in accordance with the terms of the DIP Loan Documents and this Interim Order; and it is further

ORDERED that the Debtor is authorized to do and perform all acts, to make, execute and deliver all instruments and documents to the extent required by the DIP Loan Documents; and it is further

ORDERED that all claims of the DIP Lender in respect of the Approved DIP Financing incurred by the Debtor in accordance with this Interim Order shall have priority over any or all administrative expenses of the kind specified in Bankruptcy Code §§ 503(b) or 507(b), in accordance with Bankruptcy Code § 364(c)(1); and it is further

ORDERED that the Debtor's payment and performance obligations in respect of the Approved DIP Financing incurred by the Debtor in accordance with this Interim Order (collectively, the "**DIP Obligations**") shall be, and hereby are secured by valid, enforceable, non-avoidable, and automatically and properly perfected first priority security interests and

liens in favor of the DIP Lender against Debtor's property not otherwise subject to a lien, in accordance with Bankruptcy Code § 364(c)(2); and it is further

**ORDERED** that the DIP Obligations shall be, and hereby are, further secured by valid, enforceable, non-avoidable, and automatically and properly perfected first priority security interests and liens in favor of the DIP Lender against Debtor's property subject to existing prepetition liens, senior to such existing prepetition liens, in accordance with Bankruptcy Code § 364(d); provided, however, that no such liens are granted in Debtor's property subject to Capital Lease Obligations, as defined in the DIP Loan Documents; and it is further

**ORDERED** that the Debtor is authorized to use the DIP Lender's cash collateral in the ordinary course of its business on an interim basis in accordance with the DIP Lending Documents and the Budget; and it is further

**ORDERED** that for the purposes of Bankruptcy Code §§ 361 and 363(e), and as adequate protection for the Debtor's use of cash collateral, the DIP Lender is hereby granted adequate protection replacement liens (the "Replacement Liens") in and to all property of the kind securing the prepetition obligations owing to the DIP Lender, including any property purchased or acquired with the cash collateral and any proceeds thereof, but excluding any causes of action under Chapter 5 of the Bankruptcy Code. The Replacement Liens shall only attach to and be enforceable against the same types of property, to the same extent, and in the same order of priority as existed immediately prior to the petition date. The Replacement Liens shall be recognized only to the extent of any post-petition diminution in value of the DIP Lender's  prepetition collateral resulting from the Debtor's use of cash collateral during this bankruptcy case; and it is further

**ORDERED** that this Interim Order shall govern the Debtor's use of the DIP Lender's cash collateral, in lieu of any other interim order entered by the Court addressing the Debtor's use of cash collateral ("Another Cash Collateral Order"); and it is further

4

1

2

3

**ORDERED** to the extent that there is a conflict between the terms of this Interim Order and Another Cash Collateral Order, the terms of this Interim Order shall prevail; and it is further

4

5

6

7

8

9

10

11

**ORDERED** that notwithstanding anything contained herein, the DIP Lender's superpriority administrative claims and prepetition and post-petition security interests shall be are subordinated to allowed administrative expense claims of the Debtor's professionals and professionals of a creditors' committee in this Bankruptcy Case, if any, but only to the extent necessary to enable those professionals to recover $75,000 from the Debtor's bankruptcy estate in respect of allowed claims for compensation and payment of reasonable expenses; and it is further ordered

12

13

14

15

16

17

**ORDERED** that this Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the liens provided to the DIP Lender herein without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction; and it is further

18

19

**ORDERED** that the DIP Obligations shall be due and payable, and shall be paid, as and when provided in the DIP Loan Documents; and it is further

20

21

22

23

24

**ORDERED** that the DIP Lender shall not have any obligation to make any loan or advance under the DIP Loan Documents unless all of the conditions precedent to the making of such extension of credit under the applicable DIP Loan Documents and this Interim Order have been satisfied in full or waived in writing by the DIP Lender; and it is further

25

26

27

28

**ORDERED** that if an Event of Default as defined in the DIP Loan Documents has occurred, the Lender shall be entitled to accelerate the Debtor's DIP Obligations upon providing five business days' prior written notice to counsel to the Debtor, counsel to the creditors' committee (if there is one), the United States Trustee and the above-captioned Court,

5

without the necessity of further relief from the Court, as set forth in the DIP Loan Documents; and it is further

**ORDERED** that if an Event of Default as defined in the DIP Loan Documents has occurred, the Lender shall be further entitled to apply all payments received from the Debtor or its collateral to the Debtor's DIP Obligations as set forth in the DIP Loan Documents; and it is further

**ORDERED** if this Chapter 11 case is dismissed, converted or substantively consolidated with another case, then neither the entry of this Interim Order nor the dismissal or conversion of this Chapter 11 Case shall affect the rights or remedies of the DIP Lender under the DIP Loan Documents or the rights or remedies of the DIP Lender under this Interim Order with respect to its first priority lien ahead of all parties; and it is further

**ORDERED** that the provisions of this Interim Order shall be binding upon all parties in interest in this Chapter 11 case, the Debtor and its respective successors and assigns (including any Chapter 11 trustee hereafter appointed or any Chapter 7 trustee appointed in a superseding Chapter 7 case), and shall inure to the benefit of the DIP Lender, the Debtor and its respective successors and assigns.  In no event shall the DIP Lender have any obligation to make credit extensions to any Chapter 7 or Chapter 11 trustee appointed for the Debtor; and it is further

**ORDERED** that any party seeking to object to entry of an order approving the relief set forth in the Motion on a final basis must file a written objection (an "**Objection**"), stating with particularity the grounds therefor, with the Court and serve such Objection on:  (i) Debtor's counsel, Schwartz Flansburg PLLC, 6623 Las Vegas Blvd. South, Suite 300, Las Vegas, Nevada 89119 (Attention: Samuel A. Schwartz, Esq.); (ii) the Office of the United States Trustee; and (iii) the DIP Lender's counsel, Robert Faucher, Holland & Hart LLP, 800 W. Main Street, Suite 1750, Boise, Idaho 83702 so that it is received no later than June 7, 2017 at 5:00

6

p.m., prevailing Pacific time; provided, however, that the United States Trustee shall not be obligated to refile the United States Trustee's Objection; and it is further

**ORDERED** that any party wishing to file a response to an Objection or to the United States Trustee's Objection shall file such a response with the Court and serve such response on the persons identified in the preceding paragraph and the person who filed the Objection so that it is received no later than June 14, 2017 at 5:00 p.m., prevailing Pacific time; and it is further

**ORDERED** that a final hearing (as it may be adjourned from time to time), to consider the Debtor's request for approval of the Motion shall be held on Wednesday, June 21, 2017, at 11:00 a.m., prevailing Las Vegas time (the "Final Hearing"). and it is further

**ORDERED** that the Court shall retain jurisdiction over any matters relating to or arising from, the implementation of this Interim Order.

Submitted by:

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Attorneys for the Debtor

1

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

2

In accordance with LR 9021, counsel submitting tits document certifies that the order

3

accurately reflects the court's ruling and that (check one):

4

_____ The court has waived the requirement set forth in LR 9021(b)(1).

5

6

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the

7

hearing, and any unrepresented parties who appeared at the hearing, and each has

8

9

approved or disapproved the order, or failed to respond, as indicated below [list each

10

party and whether the party has approved, disapproved, or failed to respond to the

11

document]:

12

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this

13

order with the motion pursuant to LR 9014(g), and that no party has objected to the

14

form or content of this order.

15

APPROVED:          Edward M. McDonald, Esq.; Robert Faucher, Esq.

16

DISAPPROVED:

17

18

FAILED TO RESPOND:

19

Submitted by:

20

SCHWARTZ FLANSBURG PLLC

21

By: /s/ Samuel A. Schwartz

22

Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300

23

Las Vegas, NV 89119

24

Attorneys for the Debtor

# # #

25

26

27

9790461_6.docx

28