_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
June 27, 2017

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) CASE NO.: 17-12099-ABL |
| | ) |
| HelioPower, Inc., | ) Chapter 11 |
| | ) |
| Debtor. | ) Hearing Date: June 21, 2017 |
| _____ | ) Hearing Time: 11:00 a.m. |

**FINAL ORDER APPROVING DEBTOR'S MOTION FOR AN ORDER:
(I) AUTHORIZING SECURED POST-PETITION FINANCING AND USE OF CASH
COLLATERAL; (II) GRANTING LIENS AND PROVIDING SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS; (III) APPROVING LOAN DOCUMENTS
RELATING TO THE FOREGOING; (IV) GRANTING ADEQUATE PROTECTION;
(V) GRANTING RELIEF FROM THE AUTOMATIC STAY;
<u>AND (VI) GRANTING OTHER RELATED RELIEF</u>**

1

THIS CAUSE having come before the Court upon the Motion (the "**Motion**")[1] of HelioPower, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 and Bankruptcy Rule 4001(b), (c) and (d) for an order: (I) authorizing secured post-petition financing; (II) granting liens and providing superpriority administrative expense claims; (III) approving loan documents related to the foregoing; (IV) granting relief from the automatic stay; and (V) granting other related relief; and

The Motion having been filed on April 26, 2017, at docket no. 10; and

It appearing that the notice of the Motion is sufficient and that no other or further notice need be provided; and

The United States Trustee for Region 17 (the "**United States Trustee**") having filed her Omnibus Objection to Debtor's First Day Motions [ECF Nos. 9, 10 & 11] on May 3, 2017 at docket no. 32 (the "**United States Trustee's Objection**"); and

The United States Trustee's Objection having been overruled on an interim basis at the interim hearing on the Motion, which took place on May 3, 2017, after which hearing the Court entered, on May 11, an interim order approving the Motion, at docket no. 48; and

The Court having conducted a final hearing on the Motion on Wednesday, June 21, 2017 (the "Final Hearing"); and

The United States Trustee having appeared through counsel at the Final Hearing to argue the United States Trustee's Objection; and

No party other than the United States Trustee having objected to the Motion; and

No party other than the United States Trustee having appeared at the Final Hearing in opposition to the Motion; and

---

[1] Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

2

Counsel for the Debtor, the United States Trustee, and the DIP Lender having addressed the Court at the Final Hearing; and

After due deliberation and sufficient cause appearing, it is hereby:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the United States Trustee's Objection is overruled; and it is further

**ORDERED** that the Debtor is authorized to obtain post-petition debtor-in-possession financing from the lender, Sierra Nevada Solar, Inc. ("**SNS**" or the "**DIP Lender**"), up to a cumulative amount of $582,218.00 (which includes $182,218.00 in payroll advances since January 1, 2017), in accordance with the terms of the Motion and the DIP Loan Documents attached to and referenced in the Motion (the "**Approved DIP Financing**"); and it is further

**ORDERED** that the Debtor is authorized to borrow in accordance with, and use the Approved DIP Financing to pay those expenses as set forth in, the Budget attached as Exhibit B to the Motion (the "**Budget**"), and it is further

**ORDERED** that the Debtor is authorized to execute the DIP Loan Documents and to obtain the Approved DIP Financing in accordance with the DIP Loan Documents; and it is further

**ORDERED** that upon the execution and delivery thereof, the DIP Loan Documents shall constitute valid and binding obligations of the Debtor and the DIP Lender, enforceable against the Debtor, the DIP Lender, any of the successors in interest to the Debtor or DIP Lender, and any Chapter 11 trustee or Chapter 7 trustee appointed in this case, in accordance with the terms of the DIP Loan Documents; and it is further

**ORDERED** that the Debtor is authorized to do and perform all acts, to make, execute and deliver all instruments and documents to the extent required by the DIP Loan Documents; and it is further

**ORDERED** that all claims of the DIP Lender in respect of the Approved DIP Financing shall have priority over any or all administrative expenses of the kind specified in Bankruptcy Code §§ 503(b) or 507(b), in accordance with Bankruptcy Code § 364(c)(1); and it is further

**ORDERED** that the Debtor's payment and performance obligations in respect of the Approved DIP Financing (collectively, the "**DIP Obligations**") shall be, and hereby are, secured by valid, enforceable, non-avoidable, and automatically and properly perfected first priority security interests and liens in favor of the DIP Lender against Debtor's property not otherwise subject to a lien, in accordance with Bankruptcy Code § 364(c)(2); and it is further

**ORDERED** that the DIP Obligations shall be, and hereby are, further secured by valid, enforceable, non-avoidable, and automatically and properly perfected first priority security interests and liens in favor of the DIP Lender against Debtor's property subject to existing prepetition liens, senior to such existing prepetition liens, in accordance with Bankruptcy Code § 364(d); provided, however, that no such liens are granted in Debtor's property subject to Capital Lease Obligations, as defined in the DIP Loan Documents; and it is further

**ORDERED** that the Debtor is authorized to use the DIP Lender's cash collateral in the ordinary course of its business in accordance with the DIP Lending Documents and the Budget; and it is further

**ORDERED** that for the purposes of Bankruptcy Code §§ 361 and 363(e), and as adequate protection for the Debtor's use of cash collateral, the DIP Lender is hereby granted adequate protection replacement liens (the "Replacement Liens") in and to all property of the kind securing the prepetition obligations owing to the DIP Lender, including any property purchased or acquired with the cash collateral and any proceeds thereof, but excluding any causes of action under Chapter 5 of the Bankruptcy Code.  The Replacement Liens shall only attach to and be enforceable against the same types of property, to the same extent, and in the same order of priority as existed immediately prior to the petition date.  The Replacement Liens shall be

4

recognized only to the extent of any post-petition diminution in value of the DIP Lender's prepetition collateral resulting from the Debtor's use of cash collateral during this bankruptcy case; and it is further

**ORDERED** that this Order shall govern the Debtor's use of the DIP Lender's cash collateral, in lieu of any other order entered by the Court addressing the Debtor's use of cash collateral, including the interim order generally authorizing the Debtor to use cash collateral, docket no. 50, and any comparable general final cash collateral order resulting from the parties' June 21 hearing ("**Another Cash Collateral Order**"); and it is further

**ORDERED** to the extent that there is a conflict between the terms of this Order and Another Cash Collateral Order, the terms of this Order shall prevail except to the extent an order of this Court provides otherwise; and it is further

**ORDERED** that notwithstanding anything contained herein, the DIP Lender's superpriority administrative claims and prepetition and post-petition security interests shall be are subordinated to allowed administrative expense claims of the Debtor's professionals and professionals of a creditors' committee in this Bankruptcy Case, if any, but only to the extent necessary to enable those professionals to recover $75,000 from the Debtor's bankruptcy estate in respect of allowed claims for compensation and payment of reasonable expenses; and it is further ordered

**ORDERED** that this Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the liens provided to the DIP Lender herein without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction; and it is further

**ORDERED** that the DIP Obligations shall be due and payable, and shall be paid, as and when provided in the DIP Loan Documents; and it is further

**ORDERED** that the DIP Lender shall not have any obligation to make any loan or advance under the DIP Loan Documents unless all of the conditions precedent to the making of such extension of credit under the applicable DIP Loan Documents and this Order have been satisfied in full or waived in writing by the DIP Lender; and it is further

**ORDERED** that in connection with the relief provided for herein, the Debtor permanently, immediately, and irrevocably acknowledges, represents, stipulates and agrees that:

i.  As of the petition date it owes the DIP Lender not less than $2,636,716.31 in respect of money previously borrowed by it from the DIP Lender and in respect of other Indebtedness incurred by it in favor of the Lender in good faith. The Borrower acknowledges that claims of the DIP Lender against it in an amount not to exceed the amount set forth in the preceding sentence are valid, binding and enforceable against the Debtor and its bankruptcy estate and shall not be subject to, and the Debtor hereby waives, any objection, avoidance, reductions, set off, recharacterization, subordination (whether equitable, contractual or otherwise), impairment, counterclaims, cross-claims, defenses or any challenges under the Bankruptcy Code or other applicable law or regulation by the Debtor; provided, however, that except as expressly provided in subparagraphs (ii) and (iii) below, nothing in this subparagraph (i) constitutes an acknowledgement by the Debtor (or any successor) of the validity or enforceability of the DIP Lender's security interests or a waiver of the right of the Debtor (or any successor) to avoid such security interests.

ii. As of the petition date it owes the DIP Lender not less than $182,218 in respect of sums borrowed by it from the DIP Lender after January 1, 2017 but prior to the filing of the bankruptcy petition. The Debtor acknowledges that claims of the DIP Lender against it in an amount not to exceed the amount set forth in the preceding sentence are valid, binding and enforceable against the Borrower and its bankruptcy estate and shall not be subject to, and the Borrower hereby waives, any objection, avoidance, reductions, set off, recharacterization, subordination (whether equitable, contractual or otherwise), impairment, counterclaims, cross-

claims, defenses or any challenges under the Bankruptcy Code or other applicable law or regulation by the Debtor.

        iii.      The DIP Lender has valid, perfected, enforceable, and non-avoidable first priority security interests in that collateral subject to the parties' prepetition security agreements, including cash collateral existing as of the petition date to secure the claims identified in the preceding subparagraph (ii), subject to the Borrower's Capital Lease Obligations; and it is further

**ORDERED** that if an Event of Default as defined in the DIP Loan Documents has occurred, the Lender shall be entitled to accelerate the Debtor's DIP Obligations upon providing five business days' prior written notice to counsel to the Debtor, counsel to the creditors' committee (if there is one), the United States Trustee and the above-captioned Court, without the necessity of further relief from the Court, as set forth in the DIP Loan Documents; and it is further

**ORDERED** that if an Event of Default as defined in the DIP Loan Documents has occurred, the Lender shall be further entitled to enforce its security interests in its collateral and apply all payments received from the Debtor or its collateral to the Debtor's DIP Obligations as set forth in the DIP Loan Documents, subject to the same five-day notice identified in the preceding paragraph; and it is further

**ORDERED** if this Chapter 11 case is dismissed or converted, then neither the dismissal nor the conversion shall affect the rights or remedies of the DIP Lender under the DIP Loan Documents or the rights or remedies of the DIP Lender under this Order, which rights and remedies shall remain of full force and effect; and it is further

**ORDERED** that the provisions of this Order shall be binding upon all parties in interest in this Chapter 11 case, the Debtor and its respective successors and assigns (including any Chapter 11 trustee hereafter appointed or any Chapter 7 trustee appointed in a superseding

Chapter 7 case), and shall inure to the benefit of the DIP Lender, the Debtor and its respective successors and assigns. In no event shall the DIP Lender have any obligation to make credit extensions to any Chapter 7 or Chapter 11 trustee appointed for the Debtor; and it is further

**ORDERED** that the Court shall retain jurisdiction over any matters relating to or arising from, the implementation of this Order.

Submitted by:

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Attorneys for the Debtor

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting tits document certifies that the order accurately reflects the court's ruling and that (check one):

8

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:  Edward M. McDonald, Esq.; Robert A. Faucher, Esq.

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Attorneys for the Debtor

# # #

9