# EXHIBIT A

# BID PROCEDURES[1]

The following procedures (the "**Bid Procedures**") shall govern the submission and proposals to acquire new equity interests (the "**New Equity Interests**") of HelioPower Inc. (the "**Debtor**"), pursuant to the Debtor's Chapter 11 Plan of Reorganization dated June 30, 2017, (the "**Plan**"), filed by the Debtor in its Chapter 11 bankruptcy case, Case No. 17-12099-ABL, pending before the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**").

1.    The Transaction.    Pursuant to the Plan, and as the Debtor's principal Restructuring Transaction, the Debtor seeks to sell its New Equity Interests in conjunction with the Plan Confirmation process at the confirmation hearing (the "**Confirmation Hearing**") on August 16, 2017.  Notwithstanding the foregoing, any proposed transaction respecting the sale of the Debtor's New Equity Interests is subject to the prior approval of the Bankruptcy Court. Persons interested in acquiring some or all of the New Equity Interests of the Debtor must submit a Qualifying Bid (as defined herein) to the Debtor's counsel by 5:00 p.m., Prevailing Pacific Time, at least fourteen (14) days prior to the Confirmation Hearing (the "**Initial Bid Deadline**"), unless such date is extended in the sole discretion of the Debtor.  The Confirmation Hearing will also serve as an auction (the "**Auction**") whereby a Qualified Bidder, as defined below, may submit subsequent bids for the New Equity Interests.  The transactions to be implemented pursuant to the Plan are subject to a determination of the Debtor of which Entity or Entities, if any, has submitted the highest and best bid for the New Equity Interests.

2.    Expression of Interest.  Any person interested in reviewing information pertaining to the business operations of the Debtor should contact the Debtor's bankruptcy counsel, Samuel A. Schwartz, Esq. of Schwartz Flansburg PLLC ("**SF**"), 6623 Las Vegas Blvd. South, Suite 300, Las Vegas, Nevada 89119, telephone (702) 385-5544, e-mail: sam@nvfirm.com, facsimile: (702) 385-2741.  SF will forward to such interested parties, within three (3) business days of such request, preliminary information relating to the Debtor's Plan and the proposed sale of the New Equity Interests in order to assist the interested party in ascertaining whether to proceed with making a bid.

3.    Bidder Eligibility; Form and Contents of Bids.

(a)    Any person who desires to bid on the Debtor's New Equity Interests shall deliver a Qualifying Bid to the Debtor's counsel, SF.  A bid received by the Debtor for the New Equity Interests of the Debtor shall constitute a "**Qualifying Bid**" if such bid includes the following, in form and substance reasonably satisfactory to the Debtor:

i.    a fully executed definitive purchase agreement for the New Equity Interests which sets forth all material terms and conditions of the proposed acquisition including, without limitation, the New Equity Interests to be acquired,

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Debtor's Plan of Reorganization.

4813-2813-5995, v. 1

liabilities to be assumed and proposed consideration to be paid by the bidder, and such other terms as the bidder deems appropriate (the "**Definitive Agreement**");

      ii.      evidence that the bidder has the necessary authorizations and approvals necessary to engage in the transaction without the consent of any entity that has not already been obtained;

      iii.      a cashier's check or wire transfer made payable to the Debtor's counsel, SF in an amount equal to $75,000 (the "**Deposit**"); and

      iv.      such other information as the bidder believes will be helpful in demonstrating its financial capability to consummate the proposed transactions.

(b)      Additionally, in order to constitute a "**Qualifying Bid**":

      i.      the transaction proposed by the Definitive Agreement may not be conditioned on the outcome of unperformed due diligence; and

      ii.      the Definitive Agreement must describe the bidder's intention with respect to Executory Contracts and/or Unexpired Leases of the Debtor in order for the assumption, assignment and/or rejection of such Executory Contracts and Unexpired Leases to be timely effectuated under the Plan.

(c)      Finally, in order to be deemed a "**Qualifying Bid**" the Definitive Agreement must be accompanied by a letter affirmatively:

      i.      setting forth a full disclosure of the identity of the bidder (and any other person(s) subject to any agreement, arrangement or understanding with such bidder in connection with the bid), the contact information for such bidder and full disclosure of any affiliates or insiders of the Debtor involved in such bid;

      ii.      stating that the bidder is prepared to purchase the New Equity Interests upon the terms and conditions set forth its Definitive Agreement;

      iii.      summarizing the consideration proposed under the Definitive Agreement (i.e., cash and assumed liabilities, and repayment of the DIP Loan Facility);

      iv.      stating the aggregate value of the proposed consideration (which statement of value shall not be binding on the Debtor or the Bankruptcy Court); and

      v.      stating the form of Deposit (i.e., cashier's check or cash) made by the bidder.

(d)      Within two (2) business days of each bidder's timely delivery of all required materials as detailed in the preceding paragraph, the Debtor shall, in its sole discretion, notify each bidder, in writing, as to whether its bid has been deemed a

Qualified Bid.  Each bidder who submits a Qualified Bid shall be deemed a "**Qualified Bidder**".

(e)    As indicated above, SNS's initial bid shall consist of: (i) its prepetition secured and unsecured debt; and (ii) $150,000.00 of cash.

4.    The Auction of the New Equity Interests.  The Confirmation  Hearing shall also serve as an auction (the "**Auction**"), whereby Qualified Bidders may submit subsequent bids for the New Equity Interests, provided: (i) that the initial bid at the Auction must exceed the SNS bid by at least $25,000.00; (ii) each subsequent bid at the Auction must exceed the previous bid by at least $25,000.00 (the "**Bidding Increment**"); and (iii) any Qualified Bidder which submits a subsequent bid at the Confirmation Hearing in excess of its Qualifying Bid must provide evidence that it has the financial capability to purchase the New Equity Interests at the new, higher purchase price as set forth in its subsequent bid.  At the conclusion of Auction, the Bankruptcy Court shall: (i) determine which bid constitutes the highest and best offer and which bidder constitutes the winning bidder (respectively, the "**Winning Bid**" and the "**Winning Bidder**"); and (ii) approve the Winning Bid at the Sale Hearing.

5.    Bankruptcy Court Approval of the Winning Bidder; Return of Deposits.  Promptly after the entry by the Bankruptcy Court of its order approving the sale of the New Equity Interests of the Debtor, which may be the Confirmation Order, the Deposits submitted by all Qualified Bidders (other than the bid of the Winning Bidder(s)) shall be returned to the respective Qualified Bidders.  The Deposit(s) of the Winning Bidder(s) shall be applied to the Cash portion of the purchase price set forth in the Winning Bidder's Definitive Agreement, as may be modified by the Winning Bid.  If a Winning Bidder fails to consummate the purchase contemplated under its Definitive Agreement, as may be modified by the Winning Bid, and (i) such failure is the result of the Winning Bidder's breach of its Definitive Agreement and (ii) the Debtor has met all closing conditions of the Winning Bidder's Definitive Agreement, the Deposit of such Winning Bidder shall be forfeited to the Debtor.  Notwithstanding this forfeiture, the Debtor specifically reserves the right to seek all available damages from any defaulting Winning Bidder. Notwithstanding the foregoing, the Bankruptcy Court may hear any aspect of the proposed sale of the New Equity Interests of the Debtor, including, controversies relating to any bidders' due diligence and to challenge any determination made in connection therewith.  In the event the Winning Bidder does not close on the purchase of the New Equity Interests as set forth in such Winning Bidder's Definitive Agreement, the Debtor shall next pursue a sale of the New Equity Interests to the subsequent highest Qualified Bidder, until such time as the New Equity Interests is sold.